UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BENJAMIN SWITZER,

        Petitioner,

        -v-                                05-CV-6706(MAT)
                                             **ORDER**

H.D. GRAHAM, Superintendent,

        Respondent.

## I. Introduction

Petitioner Benjamin Switzer ("petitioner"), proceeding *pro se* seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Court of four counts of Murder in the First Degree (N.Y. Penal L. § 125.27(1)(a)(vii), (viii)), two counts of Murder in the Second Degree (Penal L. § 125.25(3)), and two counts of Attempted Robbery in the First Degree (Penal L. §§ 110.00, 160.15(2)). Following a jury trial before Judge Patricia Marks, petitioner's judgment of conviction was entered on June 26, 2001. He was sentenced to various terms of imprisonment, the longest of which being life without parole.

## II. Factual Background and Procedural History

The charges against petitioner stemmed from the murder of two men during the course of an attempted armed robbery on Columbia Avenue in Rochester, New York in April of 2000.

Through counsel, petitioner appealed the judgment of conviction to the Appellate Division, Fourth Department, raising three points for review: (1) the sentences violated N.Y. Penal L. § 70.25(2); (2) the verdict was against the weight of the evidence;

and (3) the sentence was harsh and excessive. See Respondent's Appendix ("Appx.") A. The Fourth Department unanimously the judgment of conviction. People v. Switzer, 15 A.D.3d 913, 788 (4th Dept.); lv. denied, 5 N.Y.3d 770 (2005).

Petitioner then filed a timely petition ("Pet.") for writ of habeas corpus raising the same grounds as he did on direct appeal. (Dkt. #4). On December 22, 2008, petitioner filed a motion to stay his habeas petition in order to exhaust his remedies in state court, which was granted by this Court on January 1, 2009. (Dkt. ##12, 15). While petitioner's habeas proceedings were stayed, he filed a motion to vacate his sentence in Monroe County Court pursuant to N.Y. Crim. Proc. Law § 440.20. That motion was denied on procedural grounds as well as on the merits. See Decision and Order, No. 00/0361, dated 6/25/2009. Petitioner did not seek leave to appeal that decision. Petitioner's stay was lifted on October 20, 2009 (Dkt. #21). For the reasons that follow, I find that petitioner is not entitled to habeas relief, and the petition is dismissed.

**III. Discussion**

    **A.   General Principles Applicable to Federal Habeas Review**

        **1.   Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme

Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

### 2. Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir.1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

### 3. Adequate and Independent State Ground Doctrine

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state

ground first was an "independent" basis for the decision; this means that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar." In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

**B. Merits of the Petition**

**1. Unlawful Sentence Pursuant to N.Y. Penal L. § 70.25(2)**

Petitioner contends, as he did on direct appeal, that his sentences for the attempted robbery convictions are illegal in that they were supposedly ordered to run consecutively to his first-

degree murder convictions.[1] Pet., Attach. #2, Ground I. The Appellate Division denied this assertion on the merits:

> Contrary to defendant's contention, the court imposed two sentences of "15 years consecutive to each other determinate sentence," and thus the sentences imposed on the attempted robbery counts run consecutively to one another, not to the sentence imposed on those two first degree murder counts. Because there were two robbery victims, the court properly imposed consecutive sentences on the two counts of attempted robbery. Defendant's interpretation of the court's statements at sentencing failed because life without parole is an indeterminate sentence.

Switzer, 15 A.D.3d at 913 (citations omitted).

New York Penal Law § 70.25 limits the general power of a sentencing court to run sentences concurrently or consecutively. Under Subsection (2), concurrent sentences are required where two or more offenses are committed: "(1) 'through a single act or omission,' or (2) 'through an act or omission which in itself constituted one of the offenses and also was a material element of the other.'" Bethune v. Superintendent, Bare Hill Correctional Facility, 299 F.Supp.2d 162, 166 (W.D.N.Y. 2004) (citing New York Penal Law § 70.25(2)); see also People v. Laureano, 87 N.Y.2d 640, 643 (1996). The crux of petitioner's argument is that because attempted robbery was a material element of the two counts first-degree murder (which were predicated on an intentional killing in the course of an enumerate felony), he must receive concurrent

---

[1] Petitioner was sentenced to life without parole for the first-degree murder convictions; 25 years to life on the second-degree murder convictions, and fifteen years determinate for the attempted robbery convictions. The sentences for attempted robbery were to run consecutively to one another, as to the two victims involved. Sentencing Mins. 40-41.

-5-

sentences as to the attempted robbery and the first-degree murder convictions. See Appx. A at 8-13.

The respondent correctly argues that petitioner has not set forth his claim in federal, constitutional terms. See Respondent's Answer at 2. (Dkt. #10). A review of the record similarly indicates that he did not present the issue as a constitutional question to the Appellate Division or to the state court in his § 440 motion. Appx. A at 8-13; Petitioner's Mot. for Stay "Argument" Section (b.). (Dkt. #12). To the extent petitioner proffers the instant claim based solely on a misapplication of state law, such a claim does not constitute a viable basis for habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citation omitted)).

In any event, the Court notes that petitioner's argument rests on a misapprehension of the sentencing proceedings. The record reflects that the sentences for attempted robbery ran consecutive to one another, and not to the first-degree murder sentences. Sentencing Mins. 40-41. The sentence of life imprisonment without parole for first-degree murder is an indeterminate sentence as provided by statute, and therefore does not constitute the "determinate sentence" referred to by the sentencing court in ordering the consecutive terms of imprisonment. See N.Y. Penal L. § 70.00(5). The Appellate Division's ruling was therefore correct.

Moreover, because the sentence imposed was within the range prescribed by state law, Petitioner has raised no federal

constitutional violation. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); see also discussion infra Part III.B.3. Accordingly, this claim is dismissed.

### 2. Weight of the Evidence

Petitioner alleges that the verdict was against the weight of the evidence with respect to the first-degree murder convictions. Pet., Attach. #2, Ground II. Specifically, petitioner argues that the proof at trial did not establish intent to kill. Id.; Appx. A at 13-17.

Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review. Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). A claim that a verdict was against the weight of the evidence derives from C.P.L. § 470.15(5), which permits an appellate court in New York to reserve or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." C.P.L. § 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review. See U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to

deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Insofar as petitioner attempts to raise a claim that the evidence at trial was legally insufficient to support his first-degree murder convictions, such a claim is procedurally defaulted and thus precluded from habeas review. On direct appeal, the Fourth Department held that petitioner "failed to preserve for our review his contention that the evidence of his intent to kill is legally insufficient." Switzer, 15 A.D.3d at 913 (citing, *inter alia*, People v. Gray, 86 N.Y.2d 10, 19 (1995) (holding that a party seeking to challenge the sufficiency of the evidence must contemporaneously object by making a trial order of dismissal and must "specifically direct[ ]" his argument at the alleged error to preserve the claim for appellate review)).

Because the Appellate Division relied on a state procedural rule to reject petitioner's legal insufficiency argument, the claim is precluded from habeas review pursuant to the adequate and independent state ground doctrine.[2] See, e.g., Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (recognizing New York's "contemporaneous objection" rule as an adequate and independent state ground barring habeas review); see also Fore v. Ercole, 594 F.Supp.2d 281 (E.D.N.Y. 2009) (finding appellate court's determination that petitioner failed to preserve his sufficiency challenge by making only a general motion to dismiss was an

---

[2] See N.Y. Crim. Proc. Law § 470.05(2) (codifying New York's contemporaneous objection rule).

adequate and independent state ground); Walker v. Goord, 427 F.Supp.2d 272 (W.D.N.Y. 2006) (appellate court's rejection of legal insufficiency claim based on New York's contemporaneous objection rule was an adequate and independent state ground barring habeas review).

Petitioner has not alleged cause for the procedural default or prejudice resulting therefrom. Nor has he attempted to make the factual showing of "actual innocence" required to qualify for the "fundamental miscarriage of justice" exception. This claim is therefore dismissed as procedurally barred.

### 3. Harsh and Excessive Sentence

Petitioner asserts that his sentence of life without parole was harsh and excessive. Pet., Attach. #2, Ground III.

A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."). A challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. White v. Keane, 969 F.2d 1381, 1383 (2d Cir.

1992); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion).

Here, petitioner was sentenced to life imprisonment without parole for the murder of two people during an attempted robbery. New York's sentencing statute provides for life imprisonment without parole upon conviction of murder in the first degree. See N.Y. Penal L. §§ 70.00(5), 125.27. Thus, petitioner's sentence was within the prescribed statutory scheme, and petitioner has not set forth a constitutional infirmity. White, 969 F.2d at 1383. This claim is dismissed.

**IV. Conclusion**

For the reasons stated above, Benjamin Switzer's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   April 16, 2010
         Rochester, New York